IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERMAN JONES, : | |
| Plaintiff | |
| v. : | Civil Action No. 10- |
| CITY OF PHILADELPHIA; POLICE | |
| OFFICERS JAMES CONWAY, No. 5241, : | JURY TRIAL DEMANDED |
| SEAN ELKINS, No. 4420, PAUL GIMBEL, | |
| No. 3191 individually as police officers for : | |
| the City of Philadelphia, | |
| Defendants | |

**COMPLAINT**

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

**Parties**

2. Plaintiff Sherman Jones is a resident of the City of Philadelphia, Pennsylvania where the incident involved in this action took place.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs the individual police officer defendants.

4. Defendants James Conway, Sean Elkins, and Paul Gimbel are police officers for the Philadelphia Police Department and acted under color of state law. They are sued in their

individual capacities.

## Factual Allegations

5. On February 6, 2008, at about 11 p.m., plaintiff Sherman Jones, who had visited a friend at apartments managed by the Philadelphia Housing Authority, at 2037 N. 11Street, Philadelphia, was sitting in the courtyard of the housing project talking with some other young men.

6. Plaintiff Jones noticed several people run by him in a manner that suggested that there might be trouble, and Jones decided to seek protection within the building.

7. As he entered the building and was trying to open a second door that would have given him access to the lobby area, the defendant police officers, acting in concert and conspiracy, and wearing black clothing and helmets, pushed him to the ground, slammed the door with great force against his leg, causing a serious and painful fracture, and otherwise physically abused him.

8. Plaintiff had committed no criminal act or resistance to or provocation of the police that could justify the unreasonable and excessive use of force by the defendant officers.

9. As a result of the serious physical injuries that he suffered, plaintiff was taken to St. Joseph's Hospital where he was diagnosed and treated for a fracture of his right leg fibula and tibia, injuries to his right hand, and bruising. In surgery, there was an open reduction procedure for treatment of the fracture with internal fixation of the tibia, fibula, and patella of the right leg, a bone graft to the leg, and tenoplasty of the right hand. Follow up surgery was required and the injuries suffered are permanent in nature.

10. Plaintiff was later charged with possession of narcotics drugs (marijuana) based on the defendant officers' alleged discovery of a small number of ziplock bags containing marijuana

in the courtyard area.

11. The defendant officers, acting in concert and conspiracy, offered to withhold criminal charges if plaintiff would not file a complaint, but plaintiff refused as he had not committed any criminal act.  As a result, plaintiff was falsely charged with possession of the marijuana.

12. As a result of the false charges lodged against plaintiff by the defendant officers, acting in concert and conspiracy, plaintiff was subjected to a criminal prosecution which ended on or about July 17, 2008, when all criminal charges was dismissed for lack of prosecution.

13. There was no probable cause for the arrest or for the prosecution of plaintiff.

14. As a result of the unreasonable force used by the defendant officers, plaintiff suffered serious physical injuries that have required two surgeries, medical care and therapy. At least one additional surgery will be required and the injuries to plaintiff's right leg and right hand, including post-surgery scarring, are permanent in nature.

15. The actions and conduct of the defendant officers constitute an unlawful arrest, false imprisonment, use of unreasonable force, and malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

16. The defendant City of Philadelphia has failed, with deliberate indifference, to properly supervise, train, sanction, and discipline Philadelphia Police Officers, including the defendant officers, with respect to the proper use of force, the probable cause needed for arrests and searches, and the proper prosecution of criminal defendants.

17. As part of the defendant City of Philadelphia's practice and custom of deliberate indifference to the rights of persons investigated, arrested, and prosecuted by Philadelphia Police Officers, the defendant City of Philadelphia has tolerated and ratified permitted officers' conduct


Case 2:10-cv-00275-LDD   Document 1   Filed 01/21/10   Page 3 of 5

in the courtyard area.

11. The defendant officers, acting in concert and conspiracy, offered to withhold criminal charges if plaintiff would not file a complaint, but plaintiff refused as he had not committed any criminal act. As a result, plaintiff was falsely charged with possession of the marijuana.

12. As a result of the false charges lodged against plaintiff by the defendant officers, acting in concert and conspiracy, plaintiff was subjected to a criminal prosecution which ended on or about July 17, 2008, when all criminal charges was dismissed for lack of prosecution.

13. There was no probable cause for the arrest or for the prosecution of plaintiff.

14. As a result of the unreasonable force used by the defendant officers, plaintiff suffered serious physical injuries that have required two surgeries, medical care and therapy. At least one additional surgery will be required and the injuries to plaintiff's right leg and right hand, including post-surgery scarring, are permanent in nature.

15. The actions and conduct of the defendant officers constitute an unlawful arrest, false imprisonment, use of unreasonable force, and malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

16. The defendant City of Philadelphia has failed, with deliberate indifference, to properly supervise, train, sanction, and discipline Philadelphia Police Officers, including the defendant officers, with respect to the proper use of force, the probable cause needed for arrests and searches, and the proper prosecution of criminal defendants.

17. As part of the defendant City of Philadelphia's practice and custom of deliberate indifference to the rights of persons investigated, arrested, and prosecuted by Philadelphia Police Officers, the defendant City of Philadelphia has tolerated and ratified permitted officers' conduct

(including that of the defendant officers), that constitutes or leads to unreasonable force, unlawful arrests, malicious prosecutions, and cover-ups of the violation of constitutional rights of suspects and others.

18. The actions, conduct, and practices and customs of the defendants caused the injuries and damages suffered by plaintiff, including loss of liberty, physical and psychological injuries, substantial medical bills, and loss of income.

## COUNT I
## FEDERAL CONSTITUTIONAL CLAIMS

19. The allegations of paragraphs 1-18 are incorporated by reference.

20. The actions, conduct, and omissions of the defendants constitute false arrest, false imprisonment, malicious prosecution, and unreasonable use of force, all in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT II
## SUPPLEMENTAL STATE CLAIMS

21. The allegations of paragraphs 1-20 are incorporated by reference.

22. The actions and conduct of the defendant officers constitute false arrest, assault and battery, false imprisonment and malicious prosecution under the law of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages as to all defendants;

    b. Punitive damages as to the individual defendants;

    c. Reasonable attorney's fees and costs as to all defendants;

    d. A jury trial as to each defendant and as to each count.

/s/ David Rudovsky
DAVID RUDOVSKY
Attorney ID No. 15168
KAIRYS RUDOVSKY MESSING
    & FEINBERG, LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
(215) 925-4400


/s/ Eric I. Lerner
Eric I. Lerner
I.D. No. 27585
Bezark and Lerner
1525 Locust Street
Suite 400
Philadelphia, PA 19102
215-735-5599

Counsel for Plaintiff